### J. M. HALLIDAY v. G. L. TAFT.

**Tenant Liable for Rent until new Tenant Secured on Vacation of Lease though Full Occupancy not Taken.**

> Under a written lease covering a dwelling, upon which $20 was paid at the time the lease was executed, the refusal of the tenant after entering into possession and partial occupancy to carry out the further terms of the lease because of some alleged interference on the part of the landlord, entitles the latter to judgment for the full amount of rental falling due until such time as another tenant could be secured.

*R. W. Jeremiah, Esq.*, for plaintiff in error.

*Jacob H. Schoen, Esq.*, for defendant in error.

**GRANT, J.**

ERROR to the municipal court of Cleveland.

The plaintiff declared on a written lease for the rental of a property of his at $480 for the year, the same to be paid in sums of forty dollars for each month, in advance. The defendant paid twenty dollars at the time the bargain was struck, and no more at any time. There was no counterclaim.

The trial below was to the court. There was evidence which the court had a right to believe, and which to make the judgment consistent the court did believe, tending to show the following facts: After the execution of the lease and the initial payment on it, the defendant sought and obtained permission from the plaintiff's tenant then occupying it, whose term had not at the time ended, to store some of his goods in the house, which he did. He bought from the outgoing tenant an individual lock, which the latter had put on the door to prevent intrusion by the landlord with its key. The defendant's family, for the purpose of cleaning it at least, exercised acts of occupancy in the house, and were for all purposes of the action in actual possession of the premises.

After this the defendant concluded to go back from his bargain and moved into other premises which for some reason appeared more satisfactory to him. The excuse alleged was that the plaintiff was disposed to interfere too furtively, as his wife

thought, with the latter in her operation of scrubbing the floor. He told the plaintiff he would not abide by his contract, doing some blustering, as the latter says, about the lease not being worth the paper it was written on, saying he was in the government service and so bullet-proof as far as collections were concerned, and making the usual inconsiderate talk of the man who is proud of being independently poor.

The landlord, however, was not affected by the terrors surrounding government understrappers, and in effect answered, as did Paul the Apostle when he sent back the box of compound cathartic pills to the elders of the Church at Ephesus, ''None of these things move me,'' and notified the tenant that he should hold him to his bargain.

By its terms the lease was to become operative November 1st.

After the defendant informed the plaintiff that he would no longer occupy his house, the latter made seasonable and suitable efforts to rent the property to others, advertising it in the newspapers. He, however, obtained no other tenant, and about the middle of January sold the property. The sale seems to have been absolute as of that date, no right of possession beyond that time being reserved by the deed or otherwise, so far as appears. The purchaser did not in fact take possession until some time in the early part of February. We express no opinion upon the effect of this retention of possession through the entire month of January, as it is not material in the view we take of the case.

The plaintiff sued for one hundred dollars, being the rental for the months of November, December and January, at the agreed rate of forty dollars a month, less the twenty dollars down payment. He is entitled to recover, upon the facts which the trial court must have found in order to allow him any sum at all, the rents at least for November and December, which, applying the credit of twenty dollars paid in hand, would amount to sixty dollars. For this sum, and for no less—leaving out the month of January, in the course of which the sale of the premises was made—judgment should have been rendered, if any judgment at all was rendered.

Without rhyme or reason, so far as we can see, the judgment actually rendered was for twenty dollars only.

The plaintiff prays to have it reversed.

The prayer is granted.

DUNLAP and WASHBURN, JJ., concur.